**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DOMINIQUE HOUSTON,<br><br>    Plaintiff<br><br>v.<br><br>AT&T,<br>RENO POLICE DEPARTMENT,<br><br>    Defendants | Case No.: 3:19-cv-00758-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 1, 1-1 |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that the average monthly balance for the last six months was $0, and the average monthly deposits were $0.

Plaintiff's application to proceed IFP should be granted. Plaintiff should not be required to pay an initial partial filing fee; however, whenever the prison account exceeds $10, Plaintiff

must make monthly payments in the amount of 20 percent of the preceding month's income credited to the account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names AT&T and Reno Police Department in the caption, but later lists AT&T Chairman/CEO Randall Stephenson and Reno Police Officer Roberts. (ECF No. 1-1 at 1-2.) Plaintiff asserts that Defendants violated his rights under the Fourth Amendment. Plaintiff was arrested on November 4, 2018, and his police report said that Officer Roberts contacted AT&T for personal information and was given such information without a search warrant.

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). To state a claim under section 1983, a plaintiff must allege: (1) his or her civil rights were violated, (2) by *a person acting under the color of state law*. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated, and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983).

Again, to state a claim under section 1983 there must be a defendant acting under color of state law. This occurs where the defendant has "exercised power 'possessed by virtue of state law and made possibly only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins,* 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Private parties, such as AT&T and Mr. Stephenson, do not act under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Therefore, Plaintiff's Fourth Amendment claims against AT&T and Mr. Stephenson should be dismissed with prejudice.

With respect to Officer Roberts, Plaintiff does not include enough facts to determine whether he states a Fourth Amendment claim. Plaintiff alleges that Roberts obtained personal information from AT&T without a warrant, but includes no further facts regarding what type of information. In *Carpenter v. United States*, the Supreme Court held that "the Government must generally obtain a warrant supported by probable cause before acquiring" historical cell site location information (CSLI). *Carpenter v. U.S.*, 138 S.Ct. 2206, 2221 (2018). Plaintiff does not

5

specify, however, that it was historical CSLI that was obtained from AT&T. The Supreme Court did not address whether there was a reasonable expectation of privacy in real-time CSLI, and whether a warrant was required before such information can be acquired. The Ninth Circuit also has not addressed this issue, and the decisions of lower courts on the issue are not uniform. It is not clear from the complaint whether the information acquired was premised on an order based on something other than a warrant supported by probable cause. To the extent Plaintiff's claim is based on Roberts acquiring prospective, or real-time CSLI from AT&T, Roberts would likely be entitled to qualified immunity the law on this issue is not clearly established. The court will not recommend dismissal on that basis at this time since it is unclear form the complaint what type of personal information Roberts allegedly obtained from AT&T.  In addition, as *Carpenter* discussed, there is other personal data that when voluntarily disclosed by a person to a third party does not implicate the Fourth Amendment. Plaintiff's bare-bones factual allegations do not give the court sufficient information to determine whether he states a constitutional claim against Roberts. Therefore, his Fourth Amendment claim against Roberts should be dismissed with leave to amend.

Insofar as Plaintiff sues the Reno Police Department, under Nevada law, "in the absence of statutory authorization, a department of a municipal government may not, in the department name, sue or be sued." *Wayment v. Holmes*, 112 Nev. 232, 237-38, 912 P.2d 816, 819 (Nev. 1996). The City of Reno might be a proper party, but to state a claim against a municipality under section 1983, a plaintiff must include sufficient allegations, which Plaintiff has not done here. "[A] municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc), *cert. denied*, 137 S.Ct. 831 (Jan. 23, 2017) (citing

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Instead, "a plaintiff must show that a 'policy or custom' led to plaintiff's injury." *Id.* (citing *Monell*, 436 U.S. at 694). The plaintiff must demonstrate that the policy or custom reflects deliberate indifference to constitutional rights. *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 392 (1989)). Bare bones allegations of municipal liability are insufficient. *Sandoval v. Las Vegas Met. Police Dept.*, 756 F.3d 1154, 1168 (9th Cir. 2014).

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1). Plaintiff should not be required to pay an initial partial filing fee; however, whenever the prison account exceeds $10, Plaintiff is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk should be directed to **SEND** a copy of an order adopting and accepting this Report and Recommendation to the attention of **Chief of Inmate Services for the Washoe County Detention Facility**, 911 E. Parr Blvd., Reno, NV 89512.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) AT&T and Randall Stephenson should be **DISMISSED WITH PREJUDICE**.

(4) Plaintiff's Fourth Amendment claim against Officer Roberts should be **DISMISSED WITH LEAVE TO AMEND**. Plaintiff should be given 30 days from the date of any order adopting this Report and Recommendation to file an amended complaint correcting the deficiencies noted above. The Amended Complaint must be complete in and of itself without referring to or incorporating by reference any previous complaint. Any allegations, parties, or

requests for relief from a prior complaint that are not carried forward in the amended complaint will no longer be before the court. Plaintiff shall clearly title the pleading as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days, Plaintiff should be advised that his action may be dismissed.

(5) The Reno Police Department should be **DISMISSED WITH PREJUDICE**; however, Plaintiff should be given **LEAVE TO AMEND** if Plaintiff wishes to pursue a claim against the City of Reno within the parameters outlined in this Report and Recommendation for proceeding against a municipal defendant.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: March 20, 2020.

_William G. Cobb_
William G. Cobb
United States Magistrate Judge

8