**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DOMINIQUE HOUSTON, | Case No.: 3:19-cv-00758-MMD-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF No. 18 |
| AT&T, et al., | |
| Defendants | |

Before the court is Plaintiff's amended complaint. (ECF No. 18.)

## I. BACKGROUND

Plaintiff filed his application to proceed *in forma pauperis* (IFP) and pro se complaint on December 20, 2019. (ECF Nos. 1, 1-1.) At the time he filed his complaint, he was an inmate within the Washoe County Detention Facility (WCDF), but is now incarcerated within the Nevada Department of Corrections (NDOC).

The complaint named AT&T and its chairman Randall Stephenson, the Reno Police Department, and Reno Police Officer Roberts. Plaintiff alleged that Defendants violated his rights under the Fourth Amendment when he was arrested on November 4, 2018. Plaintiff's police report said that Officer Roberts contacted AT&T for his personal information and was given such information without a search warrant.

Magistrate Judge William G. Cobb issued a report and recommendation on March 20, 2020, recommending dismissal of AT&T and Mr. Stephenson because they are not state actors under 42 U.S.C. § 1983. With respect to Officer Roberts, the court found that Plaintiff did not include sufficient facts to determine whether he stated a colorable Fourth Amendment unlawful

search claim. The court noted that in *Carpenter v. United States*, the Supreme Court held that "the Government must generally obtain a warrant supported by probable cause before acquiring" historical cell site location information (CSLI). *Carpenter v. United States*, 138 S.Ct. 2206, 2221 (2018). Plaintiff did not specify whether it was historical CLSI that was obtained from AT&T, and the Supreme Court declined to address whether there was a reasonable expectation of privacy so as to implicate the Fourth Amendment's protections in real-time CSLI. The court recommended dismissal of the Fourth Amendment claim against Roberts with leave to amend. The court also recommended dismissal of the Reno Police Department with leave to amend as Plaintiff did not include sufficient allegations to hold a municipal defendant liable under section 1983. It was recommended that Plaintiff be given 30 days *from the date of any order adopting the report and recommendation* to file an amended complaint. (ECF No. 3.)

Plaintiff filed an amended complaint on July 2, 2020, *before* Chief District Judge Du ruled on the report and recommendation on his original complaint. (ECF No. 18.)

On July 15, 2020, Chief Judge Du issued an order adopting the report and recommendation. The order noted that Plaintiff had filed an amended complaint, and indicated it would be screened in due course. (ECF No. 19.)

On January 25, 2022, this case was reassigned to the undersigned upon Magistrate Judge Cobb's retirement. (ECF No. 21.)

It appears that his amended complaint "slipped through the cracks," likely because it was filed before any action was taken on the original complaint and the docket did not show any pending action was necessary on the court's end. The court apologizes to Plaintiff for the lengthy delay, and issues this order screening the amended complaint.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Amended Complaint**

Plaintiff's amended complaint again names AT&T, the Reno Police Department, and the City of Reno in the caption, but the body only names City of Reno Police Officer Roberts and Detective Jenkins. Plaintiff alleges that on November 4 at 1:27 p.m., Officer Roberts contacted AT&T to use GPS location to ping his cell phone location without a search warrant. Detective Jenkins started her investigation on November 16, 2018, and continued her investigation using the illegal search of Plaintiff's GPS location to obtain a search warrant for the apartment his cell phone was pinged at by AT&T on November 29, 2018. Plaintiff claims this violated his rights

1  under the Fourth Amendment of the U.S. Constitution and Article 1, Section 18 of the Nevada

2  Constitution.

3        It is still not completely clear whether Plaintiff is claiming that Officer Roberts obtained

4  historical or real-time CSLI without a warrant. In the case of historical CSLI, *Carpenter* made

5  clear that a warrant supported by probable cause is required. While the court believes it is

6  unlikely that AT&T provided historical CSLI without a warrant post-*Carpenter*, the court must

7  take Plaintiff's allegations as true. Thus, the court will allow Plaintiff to proceed with his Fourth

8  Amendment claim against Roberts (who allegedly obtained the data), and Jenkins (who allegedly

9  utilized the data in a purported unlawful search), and his corollary claim under the Nevada

10  Constitution.

11        To the extent Plaintiff is alleging that Officer Roberts obtained real-time CSLI from

12  AT&T, *Carpenter* expressly declined to address whether the Fourth Amendment is implicated by

13  a request for real-time CSLI. In *Sanchez v. Los Angeles Department of Transportation*, the Ninth

14  Circuit held that the Fourth Amendment was not implicated when the government required e-

15  scooter operators to collect real-time location data from e-scooters. However, that opinion did

16  not deal with real-time CSLI and made a point to note the differences between the e-scooter

17  location data and the data collected in connection with cell phones. While the Defendants may

18  ultimately be entitled to qualified immunity to the extent Plaintiff's claim implicates real-time

19  CSLI, the court will allow the Fourth Amendment claim, as well as his corollary claim under the

20  Nevada Constitution, to proceed beyond screening against Roberts and Jenkins.

21        Plaintiff does not include any allegations against AT&T, the City of Reno or Reno Police

22  Department; therefore, the court will not construe the amended complaint as asserting any claims

23  against them.

The court notes that Plaintiff also may have an issue with his claims being barred under *Heck v. Humphrey*, 515 U.S. 477 (9th Cir. 2014), if it is determined that a finding in his favor would undermine his conviction or sentence, but the court cannot determine *Heck*'s application from the allegations of the amended complaint.

### III. CONCLUSION

(1) The Amended Complaint may **PROCEED** with the Fourth Amendment claims against defendants Roberts and Jenkins.

(2) The Clerk of Court shall **ISSUE** summonses for defendants Roberts and Jenkins, **and deliver the same**, to the U.S. Marshal for service. The Clerk also shall also **SEND** sufficient copies of the amended complaint (ECF No. 18) and this Order to the U.S. Marshal for service on the Defendants. The Clerk shall **SEND** to Plaintiff **2** USM-285 forms. Plaintiff has **21 days** within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each defendant on each form at 400 S. Virginia Street, 2nd floor, Reno, Nevada 89501. Within **20 days** after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, if any of the defendants were not served, and if Plaintiff wants service to be attempted again, he must file a motion with the court providing a more detailed name and/or address for service, or indicating that some other method of service should be attempted.

(3) Plaintiff is reminded that under Federal Rule of Civil Procedure 4(m), service must be completed within **90 days** of the date of this Order. If Plaintiff requires additional time to meet any of the deadlines set by the court, he must file a motion for extension of time under Local Rule 1A 6-1 *before* the expiration of the deadline, and the motion must be supported by a

showing of good cause. A motion filed after a deadline set by the court or applicable rules will be denied absent a showing of excusable neglect.

(4) Once a defendant is served, Plaintiff must serve a copy of every pleading or other document submitted for consideration by the court upon the defendant or, if an appearance has been entered by counsel, upon the attorney. Plaintiff must include with the original of each document to be filed with the court a certificate stating that a true and correct copy of the document was served on the defendant, or counsel, if the defendant has an attorney. Under Local Rule 5-1 the proof of service must show the day and manner of service and the name of the person served. The court may disregard any paper received which has not been filed with the Clerk, or that fails to include a certificate of service.

**IT IS SO ORDERED**.

Dated: October 26, 2022

Craig S. Denney
United States Magistrate Judge