UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DOMINIQUE HOUSTON,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>OFFICER ROBERTS, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:19-cv-00758-MMD-CSD<br><br>ORDER |

**I.　SUMMARY**

In this case, brought under 42 U.S.C. § 1983, the Court permitted *pro se* Plaintiff Dominique Houston to proceed on his warrantless search claims based on the Fourth Amendment and Art. 1 Section 18 of the Nevada Constitution against Defendants Scott Roberts and Allison Jenkins-Kleidosty. (ECF No. 23 at 5-6.[1]) Defendants have moved for summary judgment on the claims ("Motion"). (ECF No. 33.) The Court will grant the Motion as to the Fourth Amendment claim because it was not clearly established in November 2018 that requesting a single locational ping of a suspect's cell phone from their cellular service provider required a warrant under the Fourth Amendment. The Court declines to exercise supplemental jurisdiction over Houston's Nevada constitutional claim.

**II.　BACKGROUND**

The following facts are undisputed.[2]

Following an initial investigation, officers of the Reno Police Department suspected that the perpetrator of a recent robbery was Plaintiff Dominique Houston. (ECF No. 33 at

---

[1] It appears that the conclusion of the order erroneously omitted reference to the corollary Nevada constitutional claim.

[2] Houston did not respond to the Motion, and his allegations in the complaint are minimal. (ECF No. 18.)

2.) Investigators sought to locate Houston, but his listed local address did not exist. (*Id.*) Among several other methods employed to find Houston, Officer Scott Roberts requested that AT&T, Houston's cell service provider, perform a single locational "ping" to obtain his real-time cell-site location information ("CSLI").[3] (*Id.*; ECF No. 18 at 3.) The ping identified the location of Houston's phone as 2401 Harvard Way, Apartment 162. (ECF No. 33 at 2.) With this and additional information obtained through further investigation, Officer Allison Jenkins-Kleidosty applied for and obtained a warrant to search Apartment 162. (*Id.*; ECF Nos. 33-1 at 10, 18 at 4.)

The state charged Houston in Nevada's Second Judicial District Court with use of a deadly weapon, battery with the use of a deadly weapon, two counts of burglary, and fraudulent use of a debit or credit card. (ECF Nos. 33 at 3, 33-2 at 3-4.) Houston moved to suppress the single positional ping of his cell phone, as well as evidence obtained with the search warrant granted as a result of that ping, on the grounds that the ping was a warrantless search in violation of the Fourth Amendment. (ECF Nos. 33 at 3, 33-2 at 2-4.) The district court concluded that the ping constituted a 'search' but denied Houston's motion to suppress. (ECF Nos. 33 at 3, 33-2 at 14.) The case proceeded to trial, and Houston was convicted of robbery, both burglary counts, and credit card fraud. (ECF Nos. 33 at 3, 33-3 at 5.)

Houston appealed his conviction to the Nevada Court of Appeals. (ECF Nos. 33 at 3, 33-3 at 5.) The Court of Appeals upheld the district court's determination that the ping of Houston's phone was a search requiring a warrant under the Fourth Amendment[4] and still found that, even setting aside "all the evidence obtained from the ping and search

---

[3] As noted in the magistrate judge's screening order on Houston's amended complaint, Houston does not expressly state whether Officer Roberts requested his historical or real-time CSLI, but this is the undisputed version of the facts presented in the Motion. (ECF Nos. 23 at 5, 33 at 2.)

[4] The Court of Appeals limited its holding to the case at issue given the limited briefing on the topic.

warrant, there remain[ed] overwhelming evidence to support Houston's conviction." (ECF Nos. 33 at 4, 33-3 at 13.)

On December 20, 2019, Houston filed this lawsuit against AT&T, former AT&T Chairman and CEO Randall Stephenson, the Reno Police Department, and Officer Scott Roberts of the Reno Police Department. (ECF No. 1-1 at 2.) The Court dismissed with prejudice Houston's claims against AT&T, Stephenson, and the Reno Police Department[5] but dismissed Houston's Fourth Amendment claim against Officer Roberts with leave to amend. (ECF Nos. 3, 19.) Houston amended his complaint to allege that Defendants, Officers Roberts and Jenkins-Kleidosty, had violated his Fourth Amendment rights and his rights under Art. 1 Section 18 of the Nevada Constitution by pinging his cell phone without a warrant. (ECF No. 18 at 2-4.) Defendants filed this Motion on July 17, 2023. (ECF No. 33.)

### III. DISCUSSION

#### A. Fourth Amendment Warrantless Search

In Houston's amended complaint, he alleges that Roberts requested AT&T to perform a locational ping on his cell phone without a warrant in violation of the Fourth Amendment and that Jenkins-Kleidosty then used the pinged address to obtain a search warrant for 2401 Harvard Way, Apartment 162. (ECF No. 18 at 4.) In the Motion, Defendants argue that they are entitled to qualified immunity, Houston cannot prove that Defendants' requested cell phone ping caused either the search of his apartment or his conviction, and Houston's failure to respond to Defendants' requests for admission constitute his concession that no constitutional violation occurred. (ECF No. 33 at 6-8.) Houston does not meaningfully contest the facts that Defendants articulated in the Motion.

---

[5]The Court granted Houston leave to amend his claims against the Reno Police Department so long as those amendments were consistent with Judge Cobb's report and recommendation (ECF Nos. 3, 19), but he did not do so.

(*Id.* at 2-5; ECF No. 18.) Given the undisputed facts of this case and applicable precedent, Defendants are entitled to qualified immunity.

"In determining whether a state official is entitled to qualified immunity in the context of summary judgment, [courts] consider (1) whether the evidence viewed in the light most favorable to the plaintiff is sufficient to show a violation of a constitutional right and (2) whether that right was clearly established at the time of the violation." *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 671 (9th Cir. 2021), *cert. denied sub nom. San Diego Cnty. v. Sandoval*, 142 S.Ct. 711 (2021) (citation and quotation marks omitted). District judges may exercise their discretion in deciding which qualified immunity prong to address first based on the circumstances of the case at issue. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). The Court discusses, and decides this case based upon, only the 'clearly established' prong of the qualified immunity test.

To overcome a claim of qualified immunity, Houston must show that the law regarding his allegedly violated constitutional right was clearly established when Defendants requested the ping of his phone. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). For a government official's conduct to have violated clearly established law, the "rule's contours must [have been] so well defined that it [was] clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *City of Tahlequah v. Bond*, 142 S.Ct. 9, 11 (2021) (citation and quotation marks omitted). This means the constitutional question must have been placed "beyond debate," *Ashcroft*, 562 U.S. 731 at 741, by either a controlling authority or a "robust consensus of cases of persuasive authority," *Tuuamalemalo v. Greene*, 946 F.3d 471, 477 (9th Cir. 2019) (citation omitted). If existing precedent does not address the exact circumstances at issue, the plaintiff must instead identify precedent holding certain conduct unconstitutional "under facts not distinguishable in a fair way from the facts presented in the case at hand." *Orn v. City of Tacoma*, 949 F.3d 1167, 1178 (9th Cir. 2020) (quotation marks omitted).

As of November 2018, there was no controlling precedent, nor was there a robust consensus of persuasive authority, that individuals have a reasonable expectation of

privacy in their real-time CSLI and thus that government officials must obtain a warrant before requesting cell phone pings. *See United States v. Green*, 981 F.3d 945, 957-58 (11th Cir. 2020) ("The question of whether acquiring [real-time tracking data] constitutes a search was unanswered in 2013 and remains unanswered today."). Houston cites *Carpenter v. United States*, 138 S. Ct. 2206 (2018), in an effort to establish that accessing his CSLI constituted a search requiring a warrant under the Fourth Amendment. (ECF No. 1-1 at 4.) Though the Supreme Court in *Carpenter* did find that there is a Fourth Amendment right to privacy in *historical* CSLI, the majority opinion expressly left open the question of whether that same conclusion could be reached about *real-time* CSLI. *See* 138 S. Ct. at 2220.

The screening order of Houston's amended complaint notes that Houston failed to clarify in his complaint whether Officer Roberts requested his historical or real-time CSLI. (ECF No. 23 at 5; *see also* ECF No. 18 at 3-4.) But the Court finds that, though the facts must be construed in the light most favorable to Houston as the non-moving party, the only "rational" or "reasonable" reading of the operative complaint given the undisputed facts in the record is that Roberts requested only Houston's real-time CSLI. (ECF Nos. 33 at 2-3 (making unopposed assertions that Roberts only requested one ping for real-time CSLI), 33-2 at 3 (stating the Second Judicial District Court of Nevada's understanding that Houston's motion to suppress related to the acquisition of real-time CSLI from his phone), 33-3 at 3 (stating the Nevada Court of Appeals' understanding that Officer Roberts requested for AT&T to locate Houston's phone using "prospective" CSLI).) *See also T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). *Carpenter*, accordingly, does not control here.

And this Court's independent research did not suggest that other cases had clearly established that real-time CSLI pings constitute Fourth Amendment searches at the time. Indeed, only a few pre-November 2018 cases had discussed privacy interests in the real-time short-term tracking of cell phones, and almost all of them are based on facts "distinguishable in a fair way" from Houston's allegations because they involved cell site

simulators rather than requests for real-time CSLI from cell service providers. *Orn*, 949 F.3d at 1178; *see, e.g., State v. Andrews*, 134 A.3d 324, 349 (Md. 2016); *United States v. Lambis*, 197 F. Supp. 3d 606, 610 (S.D.N.Y. 2016); *United States v. Ellis*, 270 F. Supp. 3d 1134, 1141, 1145-46 (N.D. Cal. 2017).

Houston additionally cites to *United States v. Katzin*, 732 F.3d 187 (3d Cir. 2013), as evidence that Defendants' requested ping of his phone violated the Fourth Amendment. (ECF No. 1-1 at 4.) But any holdings in that opinion which may have bolstered Houston's arguments were vacated when the Third Circuit granted rehearing *en banc. See United States v. Katzin*, Case No. 12-2548, 2013 WL 7033666, at *1 (3d Cir. Dec. 12, 2013). Rehearing was granted only on the issue of whether evidence should be shielded from suppression under the good faith exception to the exclusionary rule, and in determining whether this exception applied, the court declined to decide whether GPS tracking of a suspect's van constituted an unreasonable search. *See United States v. Katzin*, 769 F.3d 163, 169-70 (3d Cir. 2014) (en banc). As a result, *Katzin* cannot support the contention that Houston's alleged Fourth Amendment right was clearly established.

Considering the state of the law in November 2018, the Court concludes that it was not clearly established that requesting a single ping to obtain a suspect's real-time CSLI constituted a search requiring a warrant under the Fourth Amendment. Defendants have therefore shown that they are entitled to qualified immunity to Houston's Fourth Amendment warrantless search claim.

The Court will thus grant the Motion (ECF No. 33) as to Houston's Fourth Amendment claim.

**B.    Nevada Constitution Article I, Section 18 Warrantless Search**

Having dismissed Houston's Fourth Amendment claim, the Court no longer has original jurisdiction over any claim and declines to exercise supplemental jurisdiction over Houston's remaining claim Nevada constitutional claim. *See* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendants' motion for summary judgment (ECF No. 33) is granted as to the Fourth Amendment claim.

The Court declines to adjudicate the Motion (ECF No. 33) as it relates to the Nevada constitutional claim because the Court declines to exercise supplemental jurisdiction over this claim. The Court dismisses the claim without prejudice.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 1st Day of September 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE